IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Phillip A. Hansen, #192632, ) | Civil Action No. 6:11-2670-RMG-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden, Wateree River Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## PROCEDURAL HISTORY

The petitioner is currently confined in Wateree River Correctional Institution of the South Carolina Department of Corrections ("SCDC") pursuant to orders of commitment of the Clerk of Court for Sumter County. The petitioner was indicted in July 2006 for Burglary 1st Degree (2006-GS-0578). Charles T. Brooks, III, represented the petitioner on the charge. On November 6, 2006, the petitioner proceeded to a jury trial before the Honorable John M. Milling, Circuit Court Judge. After pre-trial motions, the petitioner entered a guilty plea to Burglary 1st Degree pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). The petitioner was sentenced to the negotiated sentence of 15 years imprisonment suspended to ten years. As part of the negotiation, another burglary charge against the petitioner was *nol prossed*. The petitioner did not appeal.

### Underlying Case Facts

On March 26, 2006, the petitioner broke into the residence of John Lewis Jackson in Sumter County and stole an air compressor and a drill. Prior to the burglary, Mr. Jackson had left his residence and gone to the grocery store. He returned about 15 minutes later and saw a blue Ford Ranger backed in next to his residence. Mr. Jackson discovered the petitioner leaving from behind the house. He pulled up and spoke to the petitioner from a few feet away and asked him what he was doing there. Mr. Jackson could see an air compressor and a DeWalt drill similar to items he owned in the back of the petitioner's truck. When he started to question the petitioner further, the petitioner drove away. Mr. Jackson got the petitioner's tag number and contacted the police. Subsequently, the police obtained a search warrant for the petitioner's residence. At the petitioner's residence, police found the Ford Ranger pick-up with the matching tag number. They recovered the air compressor and the DeWalt drill. Mr. Jackson testified that there was no question that the recovered air compressor belonged to him and that the drill was similar. He also identified the petitioner from a photographic lineup. The petitioner was eventually arrested. The petitioner had prior convictions for Burglary 2nd from 1988, 1990, and 1992. He also had previously been convicted of simple possession of marijuana and drug paraphernalia in 1989. In 1998, he had a conviction for failure to stop for a blue light, a 2000 conviction for petty larceny, and 2001 convictions for driving under suspension and possession of crack cocaine.

### Post-Conviction Relief

The petitioner filed an application for post-conviction relief ("PCR") on January 11, 2007. The respondent filed a Return on May 22, 2007. The petitioner also submitted a *pro se* amendment to his application dated August 18, 2007. An evidentiary hearing was held on April 3, 2009, before the Honorable George C. James, Circuit Court Judge. The

petitioner was present at the hearing and was represented by Patrick Killen. The respondent was represented by Mary S. Williams of the S.C. Attorney General's Office.

At the hearing, the petitioner testified in his own behalf. Charles T. Brooks, III, the petitioner's plea counsel, also testified. The Court also had before it the records of the Sumter County Clerk of Court, the plea transcript, and the petitioner's records from the SCDC. On May 26, 2009, the PCR court entered its Order of Dismissal, denying and dismissing the petitioner's PCR allegations with prejudice (App. 127-34).

After first reviewing the procedural posture of the case, the PCR court noted in its order of dismissal that, in his application for PCR, the petitioner alleged he was being held unlawfully for the following reasons:

> 1.    Ineffective assistance of counsel.
>     a. The petitioner was indicted for Burglary (1st Degree) based on prior offenses. Counsel did not object when the solicitor mentioned the previous burglaries in the presence of the jury venire.
>
> 2.    Court lacked subject matter jurisdiction.

(App. 128). The PCR court also noted that at the evidentiary hearing the petitioner also alleged that he thought he was pleading guilty to Burglary 2nd Degree, a non-violent offense for which he would be parole eligible upon service of 65% of his sentence, insufficient investigation by his counsel, and that he was denied a direct appeal (App. 128).

The PCR court reviewed the petitioner's claim of ineffective assistance of counsel, noting the applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result" (App. 128-29 (quoting *Strickland v. Washington*, 466 U.S. 668 (1984) and *Butler v. State*, 334 S.E.2d 813 (S.C. 1985)). The PCR court then applied the

two-pronged test in *Strickland* of reasonableness and prejudice to evaluate the petitioner's allegations.

The PCR court noted that the petitioner asserted that his plea was rendered involuntary as a result of counsel's misadvice on the negotiated plea. The PCR court pointed out that to find a guilty plea is voluntarily and knowingly entered into, the record must establish the applicant had a full understanding of the consequences of his plea and the charges against him (App. 129-30 (citing *Boykin v. Alabama*, 395 U.S. 238 (1969) and *Dover v . State*, 405 S.E.2d 391 (S.C. 1991)). The PCR court stated that in determining guilty plea issues it is proper to consider the guilty plea transcript as well as evidence at the PCR hearing (App. 130 (citing *Harris v. Leeke*, 318 S.E.2d 360 (S.C. 1984)). The PCR court also noted that an applicant who enters a plea on the advice of counsel may only attack the voluntary and intelligent character of the plea by showing that trial counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for trial counsel's errors, the defendant would not have pled guilty, but would have insisted on going to trial (App. 130 (citing *Roscoe v. State*, 546 S.E.2d 417 (S.C. 2001) and *Richardson v. State*, 426 S.E.2d 795 (S.C. 1993)).

During the PCR hearing, the petitioner testified that counsel informed him that he would be pleading to Burglary - 2nd Degree and would be sentenced to ten years. The petitioner further asserted that he was told that the offense would be classified as non-violent and that he would be eligible for parole upon completion of 65% of his sentence. The petitioner testified that when he signed the sentencing sheet it was completely blank. The petitioner asserted that because the sentencing sheet lists S.C. Code §16-11-312 in the upper right hand corner and CDR code 0080, it is apparent that the intention was to sentence him to Burglary - 2nd Degree (App. 93-98, 130).

The PCR court found the petitioner's claim to be without merit, finding the plea colloquy clearly established the petitioner's understanding that he was pleading to Burglary

– 1ˢᵗ Degree.  The PCR court found the petitioner was advised that he faced a sentence range of 15 years to life and that the sentence would be considered violent and most serious.  The court found the plea judge informed the petitioner that he would have to serve 85% of his sentence before becoming eligible for parole.  The court found the Solicitor stated during the plea: "the negotiated sentence is a plea to burglary in the first degree, 15 years suspended to 10 years" (App. 130; *see* App. 42-46). The court found the petitioner indicated that he understood the negotiated sentence would be 15 years suspended to ten and that an additional count of Burglary - 1ˢᵗ Degree would be *nol prossed*.  The court found the petitioner indicated that, other than the negotiated sentence, no other promises had been made.  The court further found the petitioner's argument that due to his limited education he did not understand the terms of the plea to be unconvincing.  The court found the petitioner gave clear and appropriate answers at his plea and was able to speak clearly about his claims at the PCR hearing (App. 131; *see* App. 47).

The court noted counsel explained that the petitioner was originally arrested for Burglary - 2ⁿᵈ Degree, but due to his prior convictions, the petitioner was indicted for Burglary - 1ˢᵗ Degree.  The court pointed out that counsel testified that the plea offer was indeed to Burglary - 1ˢᵗ Degree and that the negotiated sentence was 15 years suspended to ten.  The court also pointed out counsel denied telling the petitioner that he would be eligible for parole upon 65% of his sentence.  Counsel stated that he informed the petitioner that the sentence would be considered violent and would be an 85% sentence, and counsel noted that the plea judge reaffirmed that for the petitioner during the plea.  Counsel represented the petitioner on both counts of Burglary – 1ˢᵗ Degree.  The court also pointed out counsel testified that the case that the petitioner pled to was a stronger case, so the solicitor intended to move forward with it first and then seek life without parole on the second case.  The court also noted counsel testified that he had attempted to negotiate a

plea to Burglary - 2nd Degree, but the solicitor never offered a plea to Burglary - 2nd Degree in the case (App. 112-15, 131).

The PCR court found counsel's testimony to be credible that the petitioner was correctly advised concerning the terms of the negotiated plea (App. 131). The court further noted that it was abundantly clear from the plea transcript (App. 43-47) that the petitioner was pleading to Burglary - 1st Degree. Therefore, the court found any misgivings the petitioner may have had about his plea or possible sentence were certainly "cured by the colloquy during the actual guilty plea hearing" (App. 131-32 (quoting *Wolfe v. State*, 485 S.E.2d 367, 370 (S.C. 1997)). The PCR court therefore found that the petitioner was aware and understood, just as he told the judge at the plea, that he was pleading to Burglary - 1st Degree and understood the possible sentences and the negotiated sentence. For these reasons, the court found no deficiency by counsel that would render the petitioner's plea involuntary (App. 131-32).

The PCR court also addressed the petitioner's claim that counsel failed to object to the Solicitor mentioning the petitioner's prior burglary convictions in the presence of the jury panel. The PCR court noted the jury selection process was not in the transcript before the court. However, even assuming that the Solicitor did mention the prior burglaries as part of the Burglary - 1st Degree charge the petitioner faced in the presence of the jury panel, the court found the claim to be without merit. The PCR court pointed out the petitioner was indicted for Burglary - 1st Degree based on his prior convictions and that evidence of prior burglary convictions is admissible to prove the prior offense element of the crime (App. 132 (citing *State v. Hamilton*, 486 S.E.2d 512 (S.C. 1997)). Therefore, the PCR court found there was no objection to be made by counsel. Moreover, the PCR court found there would be no prejudice to the petitioner, even if he had proceeded with trial, because evidence of the prior convictions would have been introduced  (App. 132).

6

With respect to the petitioner's claim that he did not have confidence in counsel's investigation of the case, the PCR court found counsel had reviewed discovery in the case. The PCR court also found the evidence in the case, including eyewitness testimony, was reviewed during pretrial motions prior to the petitioner's plea. The PCR court found the petitioner had failed to point to any additional evidence that could have or should have been discovered with further investigation (App. 132-33 (citing *Jackson v. State*, 495 S.E.2d 768 (S.C. 1998) and *Moorehead v. State*, 496 S.E.2d 415 (S.C. 1998) (no prejudice where allegation of failure to investigate is supported only by mere speculation as to the result)). Therefore, the PCR court found that the petitioner had neither demonstrated deficient performance by counsel nor prejudice (App. 133).

In his PCR application, the petitioner alleged that he was denied his right to a appeal his guilty plea and sought belated review of his plea pursuant to *White v. State*, 208 S.E.2d 35 (S.C. 1974). The petitioner did not assert that he had asked his attorney to file an appeal. During its review of this claim (App. 133), the PCR court noted that the United States Supreme Court has held:

> …that counsel has a constitutionally imposed duty to consult with a defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. . . . Even in cases when the defendant pleads guilty**,** the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea . . . .

*Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).

The PCR court pointed out the petitioner could not recall when he had first desired to appeal, only that it was sometime after his plea and before his PCR application was filed (App. 133; *see* App. 107-08). Plea counsel had testified that he and the petitioner

7

had not discussed an appeal.  Counsel also testified that he did not see any non-frivolous grounds for appeal and that the petitioner had received the bargained-for sentence (App. 133; *see* App. 114).  Thus, the PCR court found that, under these circumstances, counsel did not have a constitutionally imposed duty to consult with the petitioner because the petitioner had not expressed interest in an appeal.  Therefore, the petitioner was not entitled to belated review pursuant to *White* (App. 133-34).

Based on the foregoing, the PCR court found that the petitioner had not established any constitutional violations that would require the court to grant his application.  Therefore, his PCR application was denied and dismissed with prejudice, and the petitioner was advised of his appeal rights (App. 134).

The petitioner appealed from the denial of PCR by way of a *Johnson*[1] Petition to the South Carolina Supreme Court.  He was represented in the appeal by Katherine H. Hudgins of the S.C. Office of Appellate Defense.  In the *Johnson* Petition, the petitioner raised the following issue to the South Carolina Supreme Court:

> Did the PCR judge err in refusing to find counsel ineffective for advising his client to plead guilty to burglary first degree pursuant to *North Carolina v. Alford* when the attorney failed to interview the victim witness and determine if his testimony constituted strong evidence of guilt?

(*Johnson* pet. 2).  Ms. Hudgins certified to the court that the appeal was without merit and asked to withdraw from the case.  The petitioner filed a *pro se* Response to the *Johnson* Petition raising the following issues:

> (1)  The petitioner thought he was pleading guilty to Burglary 2nd Degree not Burglary 1st Degree.

---

[1] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988)

8

(2)  The petitioner's guilty plea was obtained on basis of promises that were not fulfilled, i.e. his attorney told him he was pleading guilty to Burglary 2nd Degree, that he was sentenced to something other than what he was promised

(3)  The petitioner's guilty plea resulted from ineffective assistance of counsel because of misadvice about 10-year non-violent offense and advice to take plea.

(4)  The petitioner's guilty plea was coerced and without a full understanding of the plea and its consequences.

(5)  The petitioner signed a blank sentence sheet where charge itself and CDR code are to be written.

(6)  The petitioner's attorney did not meet with him but one time during representation and counsel did not investigate or prepare a proper defense.

In an attachment to the *pro se* Response, the petitioner alleged he was entitled to a belated direct appeal from his guilty plea.  On May 26, 2011, after careful consideration of the entire record as required by *Johnson*, the South Carolina Supreme Court denied the Petition for Writ of Certiorari and granted collateral appellate counsel's request to withdraw.  The Remittitur was issued on June 13, 2011.

## FEDERAL HABEAS PETITION

The petitioner filed the petition now before this court on October 4, 2011.  He alleges the following as grounds for relief:

**Ground One**:  Subject Matter Jurisdiction.
Supporting Facts:  . . .  Appellant was wrongly convicted of Burglary 1st due to: A dwelling was not entered, a basement was entered.  The Appellant's conviction of Burglary 1st was incorrectly enhanced due to the Solicitor's Office failing to give advance written notice to the Defendant about using prior

9

convictions 10 years old or more, a violation of South Carolina Rules of Criminal Procedure, Rule 609(b).

**Ground Two**: Involuntary Guilty Plea.
Supporting Facts: Appellant was led to believe by counsel that his plea would be a non-violent 65%, but learned after his (Appellant) conviction that he would have to serve 85% of sentence. [T]he top right hand corner showes [sic] it a nonviolent on the sentencing sheet. The SC and CDR Code 16-11-312 (0080).

**Ground Three**: Ineffective Assistance of Counsel.
Supporting Facts: Counsel failed to object when Solicitor mentioned previous burglaries in the presence of jury venire. Counsel failed to interview victim witness. There was no evidence that counsel went to the alleged burglary site to investigate and determine if a Burglary 1st, 2nd, or 3rd, would have been an appropriate charge lodged against the Appellant. The warrant says a garage was broken into, which is not a dwelling, but a basement was entered which is also not a dwelling.

**Ground Four**: Direct Appeal, not Informed by Counsel or the Court.
Supporting Facts: The Appellant alleges he was not informed of his right to a direct appeal after his conviction by counsel or the court.

(Pet. 5-10).

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. §2254(d), (e).

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in "square conflict" with Supreme Court precedent that is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is *de novo*. *See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA *de novo* standard of review to claims of ineffective assistance of counsel that were properly raised, but not adjudicated on merits in state court).

*Weeks v. Angelone*, 176 F.3d 249, 257-58 (4th Cir. 1999).

### Ground One

In Ground One, the petitioner raises a claim of lack of subject matter jurisdiction. He claims that he was wrongly convicted of Burglary - 1st Degree because a basement was entered rather than a dwelling and the Solicitor's Office failed to advance written notice about using prior convictions that were ten years old or more. This ground does not raise a cognizable federal habeas claim. *See* 28 U.S.C. Section 2254 (habeas corpus relief is available for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Claims arising from state law are not cognizable in federal habeas corpus. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). *See Wright v. Angelone*, 151 F.3d 151, 156–58 (4th Cir. 1998) (noting that while habeas may be granted for a lack of jurisdiction in the sentencing court, relief may not be granted where alleged jurisdictional defect depends on interpretation of state law, unless result in complete miscarriage of justice defined as actual innocence). The petitioner cannot show actual innocence on this record. Accordingly, this ground should be dismissed.

### Ground Two

In this ground, the petitioner claims that his guilty plea was not voluntary because his attorney led him to believe that his negotiated plea would be to a non-violent crime and he would be eligible for parole upon completion of 65% of his sentence. A guilty plea is constitutionally valid if it "'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). A defendant who pleads guilty on the advice of counsel may only attack the voluntary and intelligent character of the plea by showing 1) that counsel's representation fell below an objective standard of reasonableness and 2) there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.* at 56-57.

A plea is knowingly and intelligently made if a defendant is "'fully aware of the direct consequences'" of his guilty plea and not induced by threats, misrepresentation, including unfulfilled or unfulfillable promises, or by "'promises that are by their nature improper as having no relationship to the prosecutor's business.'" *Brady v. United States*, 397 U.S. 742, 755 (1970) (quoting *Shelton v. United States*, 246 F.2d 571, 572 n. 2 (5th Cir. 1957) (en banc)). Because a guilty plea is a solemn, judicial admission of the truth of the charges against an individual, a criminal inmate's right to contest the validity of such a plea is usually, but not invariably, foreclosed. *Blackledge v. Allison*, 431 U.S. 63, 74-75 (1977). Therefore, statements made during a guilty plea should be considered conclusive unless a criminal inmate presents reasons why he should be allowed to depart from the truth of his statements. *Crawford v. United States*, 519 F.2d 347 (4th Cir. 1975), *overruled on other grounds by United States v. Whitley*, 759 F.2d 327, 350 (4th Cir. 1985); *Edmonds v. Lewis*, 546 F.2d 566, 568 (4th Cir. 1976). Here, the petitioner has not shown anything that would overcome the "strong presumption of veracity" carried by his statements at the guilty plea hearing of a voluntary, knowing, and intelligent decision to plead guilty. *See United States v. Morrow*, 914 F.2d 608, 614 (4th Cir. 1990).

The PCR court directly addressed this issue and found it to be without merit (App. 129-32). The PCR court noted that the petitioner testified that his counsel informed him that he would be pleading to Burglary-2nd degree and would be sentenced to ten years. He further asserted that the offense would be classified as non-violent and that he would be eligible for parole upon completion of 65% of his sentence. The petitioner testified that when he signed the sentencing sheet it was completely blank. He asserted that because the sentencing sheet lists S.C. Code § 16-11-314 in the upper right hand corner and CDR code 0080, it was apparent that the intention was to sentence him for Burglary - 2nd Degree.

The PCR court cited the appropriate precedents and found that the plea colloquy clearly established that the petitioner was aware that he was pleading to Burglary -

1st Degree and that the petitioner was advised that he faced a sentence range of 15 years to life and that the sentence would be considered violent and most serious. The PCR court also noted that the plea judge specifically informed the petitioner that he would have to serve 85% of his sentence before becoming eligible for parole. The PCR court also noted that the prosecutor stated during the plea, "[T]he negotiated sentence is a plea to burglary in the first degree, 15 years suspended to 10 years," and the petitioner indicated that he understood the negotiated sentence would be 15 years suspended to ten years and that an additional count of Burglary-1st Degree would be *nol prossed*. Other than the negotiated sentence, the petitioner indicated that no other promises had been made (App. 130-32; *see* App. 42-47). The PCR court found the petitioner's argument that due to his limited education he did not understand the terms of the plea to be unconvincing, noting the plaintiff gave clear and appropriate answers at his plea and was able to speak clearly about his claims at the PCR hearing. *See Moorehead v. State*, 496 S.E.2d 415, 416-17 (S.C. 1998) (transcript of guilty plea hearing will be considered to determine whether any alleged erroneous information from counsel was cured by information the trial judge conveyed at plea proceeding, and applicant indicated to judge that the understood the possible sentences and the terms of the plea agreement); *Rayford v. State*, 443 S.E.2d 805, 806 (S.C. 1994) (record of plea proceeding, including applicant's answers to the trial judge's questions, clearly established that applicant could not have had misconceptions regarding sentencing).

As noted above, counsel testified at the PCR hearing that the petitioner was originally arrested for Burglary - 2nd Degree, but due to his prior convictions, the petitioner was indicted for Burglary - 1st Degree. The plea offer was to Burglary - 1st Degree, and the negotiated sentence was 15 years suspended to ten years. The PCR court also pointed out that counsel denied telling the petitioner that he would be eligible for parole upon completion of 65% of his sentence and that counsel stated that he informed the petitioner that the sentence would be considered violent and would be an 85% sentence. Counsel testified at

PCR that the judge reaffirmed that for the petitioner during the plea.  The PCR court also pointed out counsel testified that the case to which the petitioner pled was a stronger case, so the solicitor intended to move forward with it first and then seek life without parole on the second case.  Counsel testified that he had attempted to negotiate a plea to Burglary - 2nd Degree, but the solicitor never offered a plea to Burglary - 2nd Degree in the case.

The PCR court found counsel's testimony to be credible that the petitioner was correctly advised concerning the terms of the negotiated plea.  That credibility determination is entitled to deference by this court. *Wilson v. Ozmint*, 352 F.3d 847, 858-59 (4th Cir. 2003). Moreover, the court reasonably found that it was abundantly clear from the plea transcript that the petitioner was pleading to Burglary - 1st Degree and any misgivings he may have had about his plea or possible sentence were cured by the colloquy during the guilty plea hearing.[2]  For these reasons, the PCR court  reasonably found no deficiency by counsel that would render the petitioner's plea involuntary.  The petitioner has failed to show the PCR court unreasonably applied United States Supreme Court precedent with regard to this issue.  He has also failed to show by clear and convincing evidence the PCR court reached an unreasonable factual determination given the evidence and the record in this case. Thus, the petitioner has failed to show he is entitled to federal habeas relief on this ground.

***Ground Three***

In this ground, the petitioner alleges several ineffective assistance of counsel claims.  Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, the petitioner "must

---

[2]  As the PCR court noted in footnote, the petitioner admitted that at the time of the plea he did not know what the statute number in the upper right hand corner of the sentencing sheet meant; therefore, he could not have relied on any of this information as a basis for his plea  (App. 130 n.2). Additionally counsel testified at the PCR hearing that he did not believe the sentencing sheet was blank when the petitioner signed it (App. 120-21).  Counsel also explained at PCR that he believed the information in the upper right hand corner was mis-typed based on the original warrant that charged the petitioner with Burglary 2nd, and the petitioner was subsequently indicted for Burglary 1st based on prior convictions (App. 119-20).

show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him, *i.e.*, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. *Strickland* does not guarantee perfect representation, only a "'reasonably competent attorney.'" *Id.* at 687 (quoting *McMann v. Richardson*, 397 U. S. 759, 770 (1970)). There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in the case. *Id.* at 690. With regard to guilty pleas, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The review of ineffective assistance of counsel claims in federal habeas is centered upon whether the state court decision was reasonable. 28 U.S.C. § 2254(d). Moreover, each step requires deference – deference to counsel and deference to the state court that previously reviewed counsel's actions:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ——, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ——, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington v. Richter*, 131 S.Ct. 770, 788 (2011).

The respondent argues that the claim that counsel was ineffective for failing to investigate by going to the crime scene is procedurally barred as the issue was not

specifically raised in the state PCR action. However, as the petitioner raised a general claim of failure to investigate with the specific allegations that counsel did not meet with him but once before trial, could not have had time to investigate, and counsel did not interview a witness who was present at the petitioner's house when the victim was there attempting to identify property (App. 103-04, 132-33), this ground will be reviewed on the merits.

In his PCR action, the petitioner asserted that he did not have confidence in counsel's investigation of the case. The PCR court found counsel had reviewed discovery in the case and that counsel had reviewed the evidence in the case during pretrial motions. Eyewitness testimony, which would be a significant part of the State's case, was also previewed during pretrial motions. The PCR court found the petitioner failed to point to any additional evidence that would have been discovered with further investigation. Therefore, the PCR court found that the petitioner had neither demonstrated deficient performance by counsel nor shown how he was prejudiced by any action of counsel (App. 132-33).

Furthermore, the petitioner introduced no evidence to support his claim other than his own testimony that he did not feel comfortable with counsel's investigation and his belief that counsel could not have investigated the case properly. The petitioner claimed at PCR that counsel should have interviewed a witness who was present when the victim came to his house and could not identify certain stolen property. The petitioner did not call this witness at PCR and elicit his testimony under oath. With regard to the claim that plea counsel should have interviewed the victim, the petitioner did not call the victim as a witness at PCR and elicit his testimony under oath. Moreover, the victim testified in the pretrial hearing under oath that the compressor was his and the drill looked similar to one he owned. The petitioner introduced no evidence to substantiate these claims that counsel missed some important fact or evidence during his investigation. As a result, and as the PCR court found, the petitioner failed to meet his burden of proof. *Jackson v. State*, 495 S.E.2d 768, 770 (S.C. 1998) (noting that "[m]ere speculation and conjecture" is insufficient to support finding of prejudice); *Moorehead v. State*, 496 S.E.2d 415, 417 (S.C. 1998) (no prejudice where allegation of failure to investigate is supported only by mere speculation as to the

result). The PCR court's determination of this issue was reasonable. *Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990)(the petitioner's allegation that attorney did ineffective investigation does not support relief absent proffer of the supposed witness's favorable testimony).

With regard to the claim that his counsel failed to properly investigate by going the scene of the burglary, the petitioner has failed to meet his burden of proof. The petitioner did not call the victim to testify at PCR nor did he introduce any evidence showing the burglary did not occur. The petitioner did not introduce any probative evidence that would show the location he broke into was not part of the victim's residence. *See State v. Stone*, 567 S.E.2d 244, 246 (S.C. 2002) (finding that a screened porch attached to the side of a house met the statutory definition of a dwelling under the Burglary- 1st Degree statute). The evidence in the record before the plea court was that the petitioner broke into the victim's residence through a back door (App. 18, 27, 52).

The petitioner has failed to prove prejudice by showing that but for counsel's alleged deficient performance there is a reasonable probability he would not have pled guilty but would have insisted on going to trial. The plea transcript shows the petitioner did not dispute the facts as recited by the Solicitor. The petitioner conceded that if he proceeded to trial he would be found guilty. The record shows the evidence against the petitioner was overwhelming. The petitioner broke into the victim's house by kicking in his back door and stole his air compressor, which was recovered at the petitioner's residence. The victim identified the petitioner in a photographic lineup. Given the record at the plea proceeding, the petitioner's prior record, and the lack of any probative evidence produced at PCR that counsel missed any relevant fact, the petitioner has failed to show there is a reasonable likelihood he would not have pled guilty to the negotiated sentence and would have insisted on going to trial.

The petitioner has failed to show the PCR court unreasonably applied United States Supreme Court precedent with regard to this issue. He has also failed to show by clear and convincing evidence the PCR Court reached an unreasonable factual

determination given the evidence and record before the PCR court.  Therefore, the petitioner has failed to show he is entitled to federal habeas relief.

The PCR court also addressed the petitioner's claim that counsel failed to object to the Solicitor mentioning the petitioner's prior burglary convictions in the presence of the jury panel.  The PCR court noted the jury selection process was not in the transcript before the PCR court.[3]  However, even assuming that the Solicitor did mention the prior burglaries as part of the Burglary - 1st Degree charge in the presence of the jury, the PCR court found the claim to be without merit.  The PCR court pointed out the petitioner was indicted for Burglary - 1st Degree based on prior convictions.  As such, evidence of prior burglary convictions was admissible to prove the prior offense element of the charge (App. 132 (citing *State v. Hamilton*, 486 S.E.2d 512 (S.C. Ct. App. 1997)).  Therefore, the PCR court found there was no reason for counsel to object.  Moreover, the court found there would be no prejudice to the petitioner, even if he had proceeded with trial, because evidence of the prior convictions would have been introduced. *Hough v. Anderson*, 272 F.3d 878, 898 (7th Cir. 2001) (Ineffective assistance of counsel claims "based on a failure to object are tied to the admissibility of the underlying evidence.  If evidence admitted without objection was admissible, then the complained of action fails both prongs of the *Strickland* test," as it was neither deficient not to object nor prejudicial).  The petitioner cannot show deficient performance or prejudice for this reason.   Additionally, the petitioner did not go to trial, but pled guilty; therefore, he suffered no prejudice in this regard.

The petitioner has failed to show the PCR court unreasonably applied United States Supreme Court precedent with respect  to this ground.  The petitioner has also failed to show by clear and convincing evidence the PCR court reached an unreasonable factual determination given the evidence and record before it.  Accordingly, this ground for relief is without merit.

---

[3]In the PCR hearing, when the petitioner was questioned on this issue, he stated that he was "pretty sure" his counsel *did object* to the mention of his prior burglaries in front of the jury panel, "but the judge went ahead and allowed it" (App. 103).

***Ground Four***

In this ground, the petitioner alleges ineffective assistance of counsel because he was not informed of his right to a direct appeal by counsel or the court. The PCR court addressed this ground and found it to be without merit. The PCR court noted that the United States Supreme Court had previously held:

> …that counsel has a constitutionally imposed duty to consult with a defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. . . . Even in cases when the defendant pleads guilty**,** the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea . . . .

*Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).

The PCR court noted that the petitioner testified at his PCR hearing that he could not recall when he had first desired to appeal, only that it was sometime after his plea and before his PCR application was filed. The petitioner did not allege that he requested that counsel file an appeal. The PCR court further noted that counsel testified that the petitioner had not asked him to file an appeal, and they had not discussed an appeal. Counsel also testified that he did not see any non-frivolous grounds for appeal and that the petitioner had received the bargained-for sentence (App. 133; *see* App. 107-08, 114).

The PCR court reasonably found that, under these circumstances, counsel did not have a constitutionally imposed duty to consult with the petitioner because the petitioner had not expressed interest in an appeal and there was no indication that a rational defendant would want to appeal. The petitioner has failed to show the PCR court unreasonably applied United States Supreme Court precedent with regard to this issue. The petitioner has also failed to show by clear and convincing evidence that the PCR court

reached an unreasonable factual determination given the evidence and record before the PCR Court. Accordingly, this ground for relief is without merit.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 22) be granted.

s/ Kevin F. McDonald
United States Magistrate Judge

July 27, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.