IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Phillip A. Hansen, #192632,<br><br>                Petitioner,<br><br>v.<br><br>Warden, Wateree River Correctional Institution,<br><br>                Respondent. | Civil Action No. 6:11-cv-2670-RMG-KFM<br><br>**ORDER** |

      In this action, Petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 4, 2011. (Dkt. No. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) DSC, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings. On February 3, 2012, Respondent filed a motion for summary judgment. (Dkt. No. 22). On February 24, 2012, Petitioner filed a response in opposition to Respondent's motion for summary judgment. (Dkt. No. 26). On July 27, 2012, the Magistrate Judge issued a Report and Recommendation recommending that Respondent's motion for summary judgment be granted and that Petitioner's petition for a writ of habeas corpus be dismissed. (Dkt. No. 32). On August 23, 2012, Petitioner filed objections to the Magistrate Judge's Report and Recommendation. (Dkt. No. 40). Having reviewed the record and the applicable law, the Court now adopts the Magistrate Judge's Report and Recommendation in its entirety and grants Respondent's motion for summary judgment.

## Law/Analysis

      The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this

Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where the plaintiff fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.1983).

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct" and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In the present case, Petitioner is a state prisoner who was indicted in July 2006 for Burglary First Degree. Petitioner, who was represented by Charles T. Brooks, III, Esquire,

pleaded guilty and was sentenced to a negotiated sentence of fifteen years imprisonment suspended to ten years. Petitioner did not file a direct appeal. On January 11, 2007, Petitioner filed an application for post-conviction relief ("PCR") alleging ineffective assistance of counsel and arguing the Court lacked subject matter jurisdiction. On April 3, 2009, an evidentiary hearing was held where Petitioner was represented by counsel. By order filed May 26, 2009, the PCR court denied and dismissed Petitioner's PCR application. Petitioner appealed from the denial of his PCR application by filing a *Johnson* petition to the South Carolina Supreme Court. *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988). On May 26, 2011, the South Carolina Supreme Court denied the Petition for Writ of Certiorari.

On October 4, 2011, Petitioner filed a petition for writ of habeas corpus, asserting four grounds for relief:

1. The sentencing court lacked subject matter jurisdiction because petitioner entered a basement, not a dwelling; the petitioner conviction was incorrectly enhanced because the Solicitor's Office failed to provide advance notice about using a prior convictions in violation of S.C. R. Crim. P. 609(b);

2. Petitioner's guilty plea was involuntary because counsel told him the plea would be a to a non-violent crime making him eligible for parole upon completion of 65% of his sentence;

3. Ineffective assistance of counsel based on counsel's failure to object to mention of previous burglaries at jury venire and counsel's insufficient investigation; and

4. Ineffective assistance of counsel based on counsel's failure to inform him of his right to direct appeal.

(Dkt. No. 1). As the Magistrate Judge correctly explained in his Report and Recommendation, none of Petitioner's four grounds for relief satisfy the standard which must be met under 28 U.S.C. § 2254.

**Ground One:**

The Magistrate correctly found that Ground One, challenging the state court's subject matter jurisdiction, does not raise a cognizable federal habeas corpus claim because it relies solely on provisions of state law. (Dkt. No. 32 at 13) (*citing Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). Further, the Fourth Circuit has held that a petition for habeas corpus may be granted for lack of jurisdiction of the sentencing court, but where the defect depends on interpreting state law, relief may not be granted unless the petitioner can show actual innocence. *Wright v. Angelone*, 151 F.3d 151, 156-58 (4th Cir. 1998). Petitioner cannot show actual innocence because there is eyewitness testimony establishing his guilt (Dkt. No. 23 Attach. 1 at 19-31).

Petitioner's objections relating to Ground One largely repeat the allegations stated in his habeas petition. (Dkt. No. 40 at 2-3). Petitioner also objects that there was ineffective assistance of counsel related to the failure of trial counsel to object to the introduction of prior offenses. (*Id.* at 3). Petitioner raised this argument in Ground Three, and it is rejected for the same reason discussed below.

**Ground Two:**

The Magistrate correctly found that Petitioner failed to show the PCR court unreasonably applied Supreme Court precedent or reached an unreasonable factual determination regarding this issue. The Magistrate provided a proper summary of the applicable law relating to the voluntariness of a guilty plea by a defendant represented by counsel. (Dkt. No. 32 at 13-14).

Importantly, the record is clear that the plea colloquy conducted by the sentencing judge establishes that Petitioner made the plea intelligently and knowingly. (Dkt. No. 23 Attach. 1 at 43-56). The Magistrate correctly found that the Petitioner failed to show he is entitled to habeas relief on this ground. (Dkt. No. 32 at 16).

Petitioner's objections relating to Ground Two largely mirror his arguments in his federal habeas petition. Petitioner also adds that the trial judge abused his discretion in ruling that evidence of his prior crimes was admissible. (Dkt. No. 40 at 3). However, evidence of Petitioner's prior crimes was admissible as an element of the offense charged. *See State v. Hamilton*, 486 S.E.2d 512 (S.C. Ct. App. 1997).

**Ground Three:**

The Magistrate correctly found Petitioner's third ground for relief is without merit. In this ground, Petitioner alleges ineffective assistance of counsel. Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). First, the Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 688. Second, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Review by this Court of "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so." *Harrington v. Richter,* 131 S.Ct. 770, 788 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The

question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

The PCR court's decision that counsel's investigation did not fall short of *Strickland*'s standard was reasonable. Petitioner's argues that counsel failed to interview the victim and did not interview a witness who was at Petitioner's home when the victim came to identify stolen goods. (Dkt. No. 23 Attach. 1 at 105-06). However, the victim was questioned by counsel about the incident at a pretrial hearing (*Id.* at 27-31) and the victim testified that the goods in Petitioner's truck were his. (*Id.* at 21-23). The Petitioner did not call either the victim or the witness to the PCR hearing to testify. (*Id.* at 92). Petitioner's argument that counsel was ineffective for failing to visit the scene of the burglary also fails. Petitioner did not present any evidence to the PCR court that the burglary did not occur or present any testimony that the location he broke into was not part of a residence. Thus, Petitioner failed to establish that he was prejudiced by counsel's representation. *Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990).

The PCR court reasonably applied *Strickland* in finding that counsel's failure to object to the mention of Petitioner's prior burglaries during his jury venire did not render counsel's assistance ineffective. First, Petitioner testified at his PCR hearing that counsel did in fact object, but the Judge allowed it. (Dkt. No. 23 Attach. 1 at 105). An objection at trial also would have been overruled because Petitioner's Burglary First charge was premised on his prior convictions which were therefore elements of the offense charged. *State v. Hamilton*, 486 S.E.2d 512 (S.C. Ct. App. 1997). Thus, Petitioner suffered no prejudice for any alleged failure to object to the introduction of prior convictions in front of the potential jurors.

Through his objections, Petitioner repeats the allegations of his habeas petition, but also adds that counsel was ineffective for failing to "examine [the] solicitor's idea to charge petitioner with Burglary 1st degree, [and] therefore failed to complete an adequate motion of discovery." (Dkt. No. 40 at 4). As stated above, trial counsel questioned the victim and was fully aware of the evidence against Petitioner. Since trial counsel was aware of the evidence, he could therefore adequately assess the solicitor's idea to charge Petitioner with Burglary 1st. Thus, the PCR court reasonably applied *Strickland* to hold that Petitioner was not denied effective assistance of counsel.

**Ground Four:**

The PCR court did not unreasonably apply Supreme Court precedent or reach an unreasonable factual determination in finding *Strickland* was satisfied regarding Petitioner's final ground for habeas relief. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). When a defendant pleads guilty, a court should consider whether the defendant received the plea bargained for. *Id.* In the present case, Petitioner stated he never asked counsel about an appeal. (Dkt. No. 23 Attach. 1 at 109). Counsel testified that Petitioner never asked for an appeal and he saw no non-frivolous grounds for appeal. (*Id.* at 116). Counsel also testified that Petitioner received the bargained for sentence. (*Id.*). On this record, the PCR court reasonably applied Supreme Court precedent and did not reach an unreasonable factual determination.

Petitioner objects that he was deprived effective assistance of counsel because his prior convictions were inadmissible under S.C. R. Evid. 609 and that he therefore had a non-frivolous ground for appeal. (Dkt. No. 40 at 4). S.C. R. Evid. 609 refers to admission of past crimes for impeachment purposes. However, as stated above, Petitioner was charged with Burglary First based on his prior convictions, and his prior convictions were therefore admissible as elements of the offense. *State v. Hamilton*, 486 S.E.2d 512 (S.C. Ct. App. 1997). Thus, Petitioner's objection does not alter the result reached by this Court.

## Conclusion

After a review of the record, the Report and Recommendation, Petitioner's objections, and the applicable law, this Court finds that the Report and Recommendation accurately summarizes the applicable legal and factual issues in this motion. Therefore, the Court adopts the Report and Recommendation as the Order of this Court. (Dkt. No. 32). For the reasons stated above, it is hereby **ORDERED** that Respondent's motion for summary judgment be **GRANTED** and Petitioner's petition be **DISMISSED.**

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

The Honorable Richard Mark Gergel
United States District Court Judge

August 24, 2012
Charleston, South Carolina